■ JOHN PRZYBYSZEWSKI, Respondent, v WONDER WORKS CONSTRUCTION, INC., et al., Appellants, et al., Defendants. [755 NYS2d 435] —In an action to recover damages for personal injuries, the defendant Wonder Works Construction, Inc., and the defendant CIP Restoration, Inc., separately appeal from so much of an order of the Supreme Court, Richmond County (Gigante, J.), dated February 28, 2002, as denied those branches of their respective motions which were for summary judgment dismissing the complaint insofar as asserted against them.

Ordered that the order is reversed insofar as appealed from, with one bill of costs, those branches of the appellants' respective motions which were for summary judgment dismissing the complaint insofar as asserted against the appellants are granted, and the complaint is dismissed in its entirety.

The plaintiff fell after stepping onto a rug located in the parking lot of a police precinct where he worked. The evidence indicated that the rug had been placed under a kettle to prevent the tar in that kettle from dripping onto the pavement during a construction project. At his deposition, the plaintiff described his fall as a "freak accident." Moreover, he explicitly denied falling due to any tar, and stated that he neither hit anything on the rug nor slipped on the rug itself. He also admitted that he did not know whether the rug was in any way folded, lumped, or curled up.

The Supreme Court, inter alia, denied those branches of the separate motions of the defendant Wonder Works Construction, Inc., and the defendant CIP Restoration, Inc. (hereinafter collectively the appellants), which were for summary judgment dismissing the complaint insofar as asserted against them. We reverse insofar as appealed from.

It is true that whether a certain condition qualifies as dangerous or defective is usually a question of fact for the jury to decide (*see e.g. Varrone v Dinaro,* 209 AD2d 508 [1994]). However, summary judgment in favor of a defendant is appropriate where a plaintiff fails to submit any evidence that a particular condition is actually defective or dangerous (*see Tresgallo v Danica,* 286 AD2d 326 [2001]; *Varrone v Dinaro, supra*).

The appellants met their initial burden of establishing their entitlement to judgment as a matter of law (*see Winegrad v New York Univ. Med. Ctr.,* 64 NY2d 851 [1985]) by submitting the plaintiff's deposition testimony, in which the plaintiff candidly described his fall as a "freak accident" and failed to pinpoint how the rug he fell on was either dangerous or defective. In response, the plaintiff failed to establish the existence of a material issue of fact requiring a trial of the action (*see Zuckerman v City of New York,* 49 NY2d 557 [1980]). Therefore, in addition to granting the remaining defendants' motions for summary judgment dismissing the complaint, the Supreme Court also should have granted those branches of the appellants' respective motions which were for summary judgment dismissing the complaint.

In light of the foregoing, we need not reach the appellants' remaining contentions. Ritter, J.P., McGinity, Townes and Mastro, JJ., concur.