■ JANE DiSTEFANO, Respondent, v ULTA SALON et al., Defendants, and C&B REALTY CO. #2 et al., Appellants. [943 NYS2d 618]—

In an action to recover damages for personal injuries, the defendants C&B Realty Co. #2 and C&B Realty #2, LLC, appeal from an order of the Supreme Court, Suffolk County (Tanenbaum, J.), dated April 8, 2011, which denied their motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against them.

Ordered that the order is reversed, on the law, with costs, and the motion of the defendants C&B Realty Co. #2 and C&B Realty #2, LLC, for summary judgment dismissing the complaint and all cross claims insofar as asserted against them is granted.

On March 20, 2008, the plaintiff allegedly was injured when she tripped and fell on a sidewalk located in front of a beauty supply store at the Smith Haven Plaza in Lake Grove. The plaintiff commenced this action to recover damages for personal injuries. The Supreme Court denied the motion of the defendants C&B Realty Co. #2 and C&B Realty #2, LLC (hereinafter together the defendants), for summary judgment dismissing the complaint and all cross claims insofar as asserted against them. The defendants appeal, and we reverse.

The defendants established their prima facie entitlement to judgment as a matter of law by demonstrating that there was no dangerous or defective condition on the sidewalk at the location where the plaintiff fell (*see Poelker v Swan Lake Golf Corp.*, 71 AD3d 857, 858 [2010]; *see also Beahn v New York Yankees Partnership*, 89 AD3d 589, 590 [2011]). In support of their motion, the defendants tendered, inter alia, surveillance footage of the accident, as well as photographs identified by the plaintiff

as fairly and accurately depicting the spot where she fell on the sidewalk, and those evidentiary submissions showed no dangerous or defective condition.

In opposition, the plaintiff failed to raise a triable issue of fact. The affidavit of the plaintiff's expert engineer was conclusory and speculative and, therefore, insufficient to raise a triable issue of fact as to whether there was an unsafe slope at the spot on the sidewalk where the plaintiff indicated she had fallen (*see Iwelu v New York City Tr. Auth.*, 90 AD3d 712, 713 [2011]; *Ioffe v Hampshire House Apt. Corp.*, 21 AD3d 930 [2005]).

Accordingly, the Supreme Court should have granted the defendants' motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against them. Dillon, J.P., Eng, Belen and Sgroi, JJ., concur.