In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Graham, J.), dated April 5, 2012, which granted the defendant’s motion for summary judgment dismissing the complaint.
Ordered that the order is affirmed, with costs.
The plaintiff allegedly sustained injuries when a case of iced tea that he sought to retrieve from a display fell on him. As a result, the plaintiff commenced this action against the defendant, alleging that the display was dangerously high. The Supreme Court granted the defendant’s motion for summary judgment dismissing the complaint.
In a premises liability case, the plaintiff must establish the existence of a defective condition and that the defendant either created or had actual or constructive notice of the defect (see Caldwell v Pathmark Stores, Inc., 29 AD3d 847 [2006]; Crawford v Pick Quick Foods, 300 AD2d 431 [2002]). Here, the defendant established its prima facie entitlement to judgment as a matter of law by demonstrating that no dangerous condition existed (see Caldwell v Pathmark Stores, Inc., 29 AD3d 847 [2006]; Marusevich v Great Atl. & Pac. Tea Co., 309 AD2d 839 [2003]; Crawford v Pick Quick Foods, 300 AD2d 431 [2002]; Ruggiero v Waldbaums Supermarkets, 242 AD2d 268 [1997]). In opposition, the plaintiff failed to submit evidence sufficient to raise a tri *686 able issue of fact (see Caldwell v Pathmark Stores, Inc., 29 AD3d 847 [2006]). The plaintiffs contention that the motion should have been denied on the ground that the defendant spoliated key evidence is without merit (see Huezo v Silvercrest, 68 AD3d 820 [2009]; Deveau v CF Galleria at White Plains, LP, 18 AD3d 695 [2005]). Accordingly, the Supreme Court properly granted the defendant’s motion for summary judgment dismissing the complaint.
Mastro, J.E, Lott, Sgroi and LaSalle, JJ., concur.