■ HELEN BROWN, Respondent, v CITY OF YONKERS, Appellant. [989 NYS2d 886]—

In an action to recover damages for personal injuries, the defendant appeals from an order of the Supreme Court, Westchester County (Walker, J.), dated July 8, 2013, which denied its motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, and

the defendant's motion for summary judgment dismissing the complaint is granted.

On November 4, 2010, the plaintiff allegedly tripped and fell while walking on a pedestrian overpass bridge located at Nepperhan and Yonkers Avenues, in Yonkers. The plaintiff commenced this action against the City of Yonkers to recover damages for personal injuries she allegedly sustained. The City moved for summary judgment dismissing the complaint, arguing, inter alia, that the plaintiff could not maintain this action since it had not received prior written notice of the alleged defect in accordance with section 24-11 of the Charter of the City of Yonkers. The Supreme Court denied the motion.

A municipality that has adopted a prior written notice law, like section 24-11 of the Charter of the City of Yonkers, cannot be held liable for a defect within the scope of the law absent the requisite written notice, unless an exception to the requirement applies (*see Poirier v City of Schenectady*, 85 NY2d 310, 313 [1995]; *Laracuente v City of New York*, 104 AD3d 822, 822 [2013]). Recognized exceptions to the prior written notice requirement exist where the municipality created the defect or hazard through an affirmative act of negligence, or where a special use confers a special benefit upon it (*see Amabile v City of Buffalo*, 93 NY2d 471, 474 [1999]; *Moncrieffe v City of White Plains*, 115 AD3d 915, 916 [2014]; *Laracuente v City of New York*, 104 AD3d 822 [2013]).

Here, the City established its prima entitlement to judgment as a matter of law by demonstrating that it did not receive prior written notice of the defect, a point conceded by the plaintiff (*see Laracuente v City of New York*, 104 AD3d at 823; *Smith v City of Mount Vernon*, 101 AD3d 847 [2012]), and that it did not, merely by placing rock salt on the bridge, create the condition through an affirmative act of negligence (*see Moncrieffe v City of White Plains*, 115 AD3d at 917). In opposition thereto, the plaintiff failed to raise a triable issue of fact. The conclusion of the plaintiff's expert that the condition encountered by the plaintiff was caused over time by the application of rock salt was speculative and did not raise a triable issue of fact as to whether the City affirmatively caused the condition, thereby triggering the affirmative negligence exception (*see Smith v City of Mount Vernon*, 101 AD3d at 848-849). The expert failed to provide any scientific basis, statistics, test results, or accepted industry standards for his conclusion in that regard (*see Pellechia v Partner Aviation Enters., Inc.*, 80 AD3d 740, 741 [2011]; *Rabon-Willimack v Robert Mondavi Corp.*, 73 AD3d 1007, 1009 [2010]). "Expert opinions which are speculative, conclusory, and

unsubstantiated are insufficient to defeat a motion for summary judgment" (*Reddy v 369 Lexington Ave. Co., L.P.*, 31 AD3d 732, 733 [2006]).

Therefore, the Supreme Court erred in denying the City's motion for summary judgment dismissing the complaint. Rivera, J.P., Balkin, Leventhal and Roman, JJ., concur.