■ Gabrielle Witkowski, an Infant, by Her Mother and Natural Guardian, Sharon Papp, et al., Respondents, v Island Trees Public Library et al., Defendants, and Island Trees Union Free School District, Appellant. [4 NYS3d 65]—

In an action to recover damages for personal injuries, etc., the defendant Island Trees Union Free School District appeals from an order of the Supreme Court, Nassau County (McCormack, J.), entered August 19, 2014, which denied its motion for summary judgment dismissing the complaint insofar as asserted against it.

Ordered that the order is reversed, on the law, with costs, and the motion of the defendant Island Trees Union Free School District for summary judgment dismissing the complaint insofar as asserted against it is granted.

On May 13, 2011, the infant plaintiff, then 13 years old, allegedly was injured when, as she was walking on the sidewalk in front of certain property located in Levittown (hereinafter the subject premises), which was owned by the defendant Island Trees Union Free School District (hereinafter the appellant), she allegedly stepped off of the sidewalk onto the surrounding grassy area and fell.

The infant plaintiff, by her mother and natural guardian, and her mother individually, commenced this action against the appellant and others to recover damages for personal injuries based upon premises liability. The appellant moved for summary judgment dismissing the complaint insofar as asserted against it. The Supreme Court denied the motion. We reverse.

"A landowner must act as a reasonable [person] in maintaining his [or her] property in a reasonably safe condition in view of all the circumstances, including the likelihood of injury to others, the seriousness of the injury, and the burden of avoiding the risk" (*Cupo v Karfunkel*, 1 AD3d 48, 51 [2003] [internal quotation marks omitted]; *see Neiderbach v 7-Eleven, Inc.*, 56 AD3d 632, 633 [2008]). "In order for a landowner to be liable in tort to a plaintiff who is injured as a result of an allegedly defective condition upon property, it must be established that a defective condition existed and that the landowner affirmatively created the condition or had actual or constructive notice of its existence" (*Lezama v 34-15 Parsons Blvd, LLC*, 16 AD3d 560, 560 [2005]; *see Donnelly v St. Agnes Cathedral Sch.*, 106 AD3d 773, 773 [2013]; *Fontana v R.H.C. Dev., LLC*, 69 AD3d 561, 562 [2010]).

"[W]hether a dangerous or defective condition exists on the property of another so as to create liability 'depends on the peculiar facts and circumstances of each case and is generally a question of fact for the jury' " (*Trincere v County of Suffolk*, 90 NY2d 976, 977 [1997], quoting *Guerrieri v Summa*, 193 AD2d 647, 647 [1993]; *see Shah v Mercy Med. Ctr.*, 71 AD3d 1120 [2010]; *Bolloli v Waldbaum, Inc.*, 71 AD3d 618 [2010]; *Mazzarelli v 54 Plus Realty Corp.*, 54 AD3d 1008, 1009 [2008]). However, "[s]ummary judgment in favor of a defendant is appropriate where a plaintiff fails to submit any evidence that a particular condition is actually defective or dangerous" (*Lezama v 34-15 Parsons Blvd, LLC*, 16 AD3d at 560; *see Rant v Locust Val. High Sch.*, 123 AD3d 686 [2014]; *Przybyszewski v Wonder Works Constr.*, 303 AD2d 482, 483 [2003]).

Here, the appellant met its prima facie burden of demonstrating its entitlement to judgment as a matter of law by

submitting the transcripts of deposition testimony of the parties and the General Municipal Law § 50-h hearing transcripts of the plaintiffs, which established the absence of evidence of a defective or dangerous condition (*see Morrison v Apostolic Faith Mission of Portland, Or.*, 111 AD3d 684, 684-685 [2013]; *Bishop v Marsh*, 59 AD3d 483, 483 [2009]; *Puma v New York City Tr. Auth.*, 55 AD3d 585, 586 [2008]; *Przybyszewski v Wonder Works Constr.*, 303 AD2d at 483). Although the plaintiffs alleged that the sidewalk was in a defective and dangerous condition due to a height differential between the sidewalk flag and the adjacent grassy area, both the infant plaintiff and the mother testified that there was nothing wrong with the condition of the sidewalk itself. Moreover, the infant plaintiff testified that she went to the library once a week, and the mother testified that she walked in the area where the accident occurred frequently and never noticed a height differential between the sidewalk and the grassy area. When deposed, the infant plaintiff, who was wearing flip flop sandals at the time of the accident, explained that she did not intend to step off of the sidewalk but that she accidentally did so with her right foot before falling. In addition, during her deposition, the infant plaintiff marked photographs of the area where she fell and testified that the photographs fairly and accurately depicted the area on the date of the accident. However, the photographs do not demonstrate, and the infant plaintiff did not identify, any defect in the sidewalk. Moreover, the appellant's director of facilities, who oversaw the maintenance of the lawn for the appellant, testified that the grass was cut and trimmed on a weekly basis and that he was not aware of any prior falls or claims regarding the area where the accident occurred prior to the happening of the accident. This evidence was sufficient to establish, prima facie, that the area where the infant plaintiff fell was not defective or hazardous (*see Fontana v R.H.C. Dev., LLC*, 69 AD3d at 562; *Przybyszewski v Wonder Works Constr.*, 303 AD2d at 483).

In opposition to the motion, the plaintiffs failed to raise a triable issue of fact as to the existence of a dangerous or defective condition. Further, section 302.3 of the 2007 Property Maintenance Code of the State of New York, relied upon by the plaintiffs' expert, was nonspecific and reflected only a general duty of a property owner to maintain all sidewalks in a proper state of repair and free from hazardous conditions (*see Nikolaidis v La Terna Rest.*, 40 AD3d 827, 828 [2007]). Further, the expert failed to identify any defect in the sidewalk itself.

Accordingly, the Supreme Court should have granted the ap-

pellant's motion for summary judgment dismissing the complaint insofar as asserted against it. Leventhal, J.P., Hall, Austin and Sgroi, JJ., concur.