In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Suffolk County (Martin, J.), dated March 26, 2015, which granted the defendants’ motion for summary judgment dismissing the complaint.
Ordered that the order is affirmed, with costs.
The plaintiff Juna Zamor (hereinafter the plaintiff) alleges that she fell inside the defendants’ laundromat while she was stepping down from a step stool she had been using to reach the detergent port of a washing machine. According to the plaintiff, the accident occurred because the step stool slid. Following the accident, the plaintiff, and her husband suing derivatively, commenced this action against the defendants, alleging, inter alia, that the defendants had negligently failed to maintain the premises in a safe condition. At her deposition, the plaintiff testified that she had washed her laundry at the defendants’ laundromat on a weekly basis for about three years prior to her accident, and that she had used the laundromat’s step stools on prior occasions without incident. The defendants thereafter moved for summary judgment dismissing the complaint, arguing, among other things, that there was no dangerous condition at the laundromat premises. The Supreme Court granted the defendants’ motion, and the plaintiff appeals.
“A landowner must act as a reasonable [person] in maintaining his [or her] property in a reasonably safe condition in view of all the circumstances, including the likelihood of injury to others, the seriousness of the injury, and the burden of avoiding the risk” (Cupo v Karfunkel, 1 AD3d 48, 51 [2003] [internal quotation marks omitted]; see Witkowski v Island Trees Pub. Lib., 125 AD3d 768, 769 [2015]). In order for a landowner or a lessee to be liable in tort to a plaintiff who is injured as a result of an allegedly defective condition upon property, it must be established that a defective condition existed, and that the defendant landowner or lessee affirmatively created the condition or had actual or constructive notice of its existence (see Witkowski v Island Trees Pub. Lib., 125 AD3d at 769; Ingram v Costco Wholesale Corp., 117 AD3d 685 [2014]; Fontana v R.H.C. Dev., LLC, 69 AD3d 561, 562 [2010]; Lezama v 34-15 Parsons Blvd, LLC, 16 AD3d 560 [2005]).
Here, the defendants made a prima facie showing that they *1115 maintained the laundromat premises in a reasonably safe condition, and that the plaintiffs accident was not caused by any defective condition (see Witkowski v Island Trees Pub. Lib., 125 AD3d at 769-770; Ingram v Costco Wholesale Corp., 117 AD3d at 685; Fontana v R.H.C. Dev., LLC, 69 AD3d at 562; Maldonado v Su Jong Lee, 278 AD2d 206, 207 [2000]). The defendants’ submissions demonstrated that the washing machines which the plaintiff and other customers had previously used without incident were not mounted at an unsafe height, and that the step stool provided to the plaintiff was adequate for its intended use.
In opposition, the plaintiffs failed to raise a triable issue of fact. The affidavit submitted by the plaintiffs’ expert engineer was insufficient to raise an issue of fact because his conclusions were not supported by empirical data or any relevant industry standard, and did not allege the violation of any applicable statute or regulation (see Brown v City of Yonkers, 119 AD3d 881, 882-883 [2014]; Rui-Jiao Liu v City of White Plains, 95 AD3d 1192, 1194 [2012]; Rivas-Chirino v Wildlife Conservation Socy., 64 AD3d 556, 558 [2009]; see also Gonzalez v City of New York, 109 AD3d 510, 512 [2013]). “Expert opinions which are speculative, conclusory, and unsubstantiated are insufficient to defeat a motion for summary judgment” (Reddy v 369 Lexington Ave. Co., L.P., 31 AD3d 732, 733 [2006]; see Brown v City of Yonkers, 119 AD3d at 883).
Accordingly, the Supreme Court properly granted the defendants’ motion for summary judgment dismissing the complaint.
Eng, P.J., Hall, Sgroi and Duffy, JJ., concur.