(October 26, 2016)

■ Lisa Alexis, Appellant, v Motel Oasis et al., Respondents. [40 NYS3d 162]—

In an action to recover damages for personal injuries, the plaintiff appeals, as limited by her brief, from so much of an order of the Supreme Court, Kings County (Silber, J.), dated April 16, 2015, as granted that branch of the motion of the defendants Motel Oasis and Flatlands Hospitality, LLC, which was for summary judgment dismissing the complaint insofar as asserted against them.

Ordered that the order is affirmed insofar as appealed from, with costs.

On May 31, 2011, the plaintiff, while a guest at the Motel Oasis, allegedly was injured as she attempted to step out of an elevated shower stall. The plaintiff commenced this action, against, among others, Motel Oasis and its owner, Flatlands Hospitality, LLC (hereinafter together the defendants). Following discovery, the defendants moved, inter alia, for summary judgment dismissing the complaint insofar as asserted against them, contending that they maintained their premises in a reasonably safe condition. The Supreme Court granted that branch of the motion, and the plaintiff appeals.

"A landowner must act as a reasonable [person] in maintaining his [or her] property in a reasonably safe condition in view of all the circumstances, including the likelihood of injury to others, the seriousness of the injury, and the burden of avoiding the risk" (*Cupo v Karfunkel*, 1 AD3d 48, 51 [2003] [internal quotation marks omitted]; *see Witkowski v Island Trees Pub. Lib.*, 125 AD3d 768, 769 [2015]). In order for a landowner to be liable in tort to a plaintiff who is injured as a result of an allegedly defective condition upon property, it must be established that a defective condition existed, and that the defendant landowner affirmatively created the condition or had actual or constructive notice of its existence (*see Zamor v Dirtbusters Laundromat, Inc.*, 138 AD3d 1114 [2016]; *Witkowski v Island Trees Pub. Lib.*, 125 AD3d at 769; *Ingram v Costco Wholesale Corp.*, 117 AD3d 685 [2014]; *Lezama v 34-15 Parsons Blvd, LLC*, 16 AD3d 560 [2005]). The absence of a violation of a specific code or ordinance is not dispositive of a plaintiff's allegations based on common-law negligence principles (*see Jacqueline S. v City of New York*, 81 NY2d 288, 293-294 [1993]; *Zebzda v Hudson St., LLC*, 72 AD3d 679, 680-681 [2010]).

Here, the defendants established their entitlement to judgment as a matter of law by demonstrating, prima facie, that the elevated shower stall was not a defective condition (*see Zamor v Dirtbusters Laundromat, Inc.*, 138 AD3d at 1114-1115; *Witkowski v Island Trees Pub. Lib.*, 125 AD3d at 769-770; *Ingram v Costco Wholesale Corp.*, 117 AD3d at 685). In opposition, the plaintiff failed to raise a triable issue of fact.

Accordingly, the Supreme Court properly granted that branch of the defendants' motion which was for summary judgment dismissing the complaint insofar as asserted against them. Dillon, J.P., Roman, Hinds-Radix and Connolly, JJ., concur.