In an action to recover damages for personal injuries, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Westchester County (DiBella, J.), entered September 15, 2015, as granted that branch of the motion of the defendant Sears, Roebuck and Co., doing business as The Sears Auto Center, which was for summary judgment dismissing the amended complaint insofar as asserted against it and, upon searching the record, awarded summary judgment to the defendant Simon Property Group, Inc., dismissing the amended complaint insofar as asserted against it.
 

 Ordered that the order is affirmed insofar as appealed from, with costs.
 

 The plaintiff’s decedent commenced this action to recover damages for personal injuries allegedly sustained by him when he tripped and fell outside the Sears Auto Center in the Ocean County Mall in New Jersey. The amended complaint alleged that the defendants, Sears, Roebuck and Co., doing business as The Sears Auto Center (hereinafter Sears), and Simon Property Group, Inc. (hereinafter Simon), owned the real property upon which the accident occurred. Sears moved, inter alia, for summary judgment dismissing the amended complaint insofar as asserted against it. The Supreme Court granted that branch of the motion and, upon searching the record, awarded summary judgment to Simon dismissing the amended complaint insofar as asserted against it.
 

 “In order for a landowner to be liable in tort to a plaintiff who is injured as a result of an allegedly defective condition upon property, it must be established that a defective condition existed and that the landowner affirmatively created the condition or had actual or constructive notice of its existence” (Lezama v 34-15 Parsons Blvd, LLC, 16 AD3d 560, 560 [2005]; see Wilks v City of New York, 144 AD3d 673, 674 [2016]; Mucciariello v A & D Hylan Blvd. Assoc., LLC, 133 AD3d 726, 726-727 [2015]; Witkowski v Island Trees Pub. Lib., 125 AD3d 768, 769 [2015]). “[W]hether a dangerous or defective condition exists on the property of another so as to create liability depends on the peculiar facts and circumstances of each case and is generally a question of fact for the jury” (Trincere v County of Suffolk, 90 NY2d 976, 977 [1997] [internal quotation marks omitted]; see Wilks v City of New York, 144 AD3d at 674; Witkowski v Island Trees Pub. Lib., 125 AD3d at 769; Guerrieri v Summa, 193 AD2d 647, 647 [1993]). However, “[s]ummary judgment in favor of a defendant is appropriate where a plaintiff fails to submit any evidence that a particular condition is actually defective or dangerous” (Lezama v 34-15 Parsons Blvd, LLC, 16 AD3d at 560; see Wilks v City of New York, 144 AD3d at 674; Witkowski v Island Trees Pub. Lib., 125 AD3d at 769). A defendant can also “ ‘make its prima facie showing of entitlement to judgment as a matter of law by establishing that the plaintiff cannot identify the cause of his or her fall without engaging in speculation’ ” (Mitgang v PJ Venture HG, LLC, 126 AD3d 863, 863-864 [2015], quoting Ash v City of New York, 109 AD3d 854, 855 [2013]; see Vojvodic v City of New York, 148 AD3d 1086, 1087 [2017]; Hahn v Go Go Bus Tours, Inc., 144 AD3d 748, 748-749 [2016]; Singh v City of New York, 136 AD3d 641, 642-643 [2016]; Rivera v J. Nazzaro Partnership, L.P., 122 AD3d 826, 827 [2014]).
 

 Here, Sears established, prima facie, that there was no dangerous or defective condition that could have caused the decedent’s fall (see Witkowski v Island Trees Pub. Lib., 125 AD3d at 769-770; DiStefano v Ulta Salon, 95 AD3d 932, 932-933 [2012]), and that a conclusion that a dangerous or defective condition caused the decedent’s fall would be speculative (see Vojvodic v City of New York, 148 AD3d at 1087-1088; Hoovis v Grand City 99 Cents Store, Inc., 146 AD3d 866, 866 [2017]; Singh v City of New York, 136 AD3d at 642; Ash v City of New York, 109 AD3d at 856). The plaintiff’s submissions in opposition merely raised what appear to be feigned issues of fact designed to avoid the consequences of the decedent’s deposition testimony and were insufficient to defeat the motion (see Bryant v Loft Bookstore Caffe, LLC, 138 AD3d 664, 666 [2016]; Rivera v J. Nazzaro Partnership, L.P., 122 AD3d at 827). Accordingly, the Supreme Court properly granted that branch of Sears’ motion which was for summary judgment dismissing the amended complaint insofar as asserted against it and, upon searching the record, properly awarded summary judgment to Simon dismissing the amended complaint insofar as asserted against it (see CPLR 3212 [b]; Singh v City of New York, 136 AD3d at 643; Bernal v 521 Park Ave. Condo, 128 AD3d 750, 751 [2015]).
 

 Rivera, J.P., Roman, Maltese and LaSalle, JJ., concur.