Caputo v Spindler (2018 NY Slip Op 04524)





Caputo v Spindler


2018 NY Slip Op 04524


Decided on June 20, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 20, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

JOHN M. LEVENTHAL, J.P.
JEFFREY A. COHEN
ROBERT J. MILLER
JOSEPH J. MALTESE, JJ.


2017-02839
 (Index No. 101852/13)

[*1]Joseph Caputo, appellant, 
v
Michael Spindler, respondent.


Weitz & Luxenberg, P.C., New York, NY (Lawrence Goldhirsch of counsel), for appellant.
Gorton & Gorton, LLP, Garden City, NY (Thomas P. Gorton and John Gorton of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Richmond County (Charles M. Troia, J.), dated February 2, 2017. The order granted the defendant's motion for summary judgment dismissing the complaint.
ORDERED that the order is affirmed, with costs.
On August 20, 2013, the plaintiff, who was the defendant's guest inside a house owned by the defendant, fell down a staircase that led to the basement. The staircase was located behind a closed door. The plaintiff alleged that when he opened that door, he thought that he was entering a bathroom, and he fell down the staircase before he could locate the light switch on the wall of the staircase.
The plaintiff subsequently commenced this personal injury action against the defendant. The defendant moved for summary judgment dismissing the complaint, contending that he maintained his premises in a reasonably safe condition. The Supreme Court granted the motion, and the plaintiff appeals.
The defendant established his prima facie entitlement to judgment as a matter of law by demonstrating that he maintained his premises in a reasonably safe condition in view of all the circumstances (see Basso v Miller, 40 NY2d 233, 241). In opposition, the plaintiff failed to raise a triable issue of fact. The plaintiff's expert affidavit submitted in opposition to the motion was conclusory, and insufficient to raise a triable issue of fact (see Buchholz v Trump 767 Fifth Ave., LLC, 5 NY3d 1; Zamor v Dirtbusters Laundromat, Inc., 138 AD3d 1114, 1115; Rivas-Chirino v Wildlife Coservation Socy., 64 AD3d 556, 558; Salerno v Street Retail, Inc., 38 AD3d 515, 516).
Accordingly, we agree with the Supreme Court's determination to grant the defendant's motion for summary judgment dismissing the complaint.
LEVENTHAL, J.P., COHEN, MILLER and MALTESE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court