Haxhia v Varanelli (2019 NY Slip Op 01573)





Haxhia v Varanelli


2019 NY Slip Op 01573


Decided on March 6, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 6, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
JEFFREY A. COHEN
COLLEEN D. DUFFY
LINDA CHRISTOPHER, JJ.


2017-08270
 (Index No. 63266/15)

[*1]Behar Haxhia, et al., appellants,
v
Barbara Varanelli, respondent.


Law Office of Anthony R. Tirone, P.C., White Plains, NY (Hasapidis Law Offices [Annette G. Hasapidis] of counsel), for appellants.
Wilson, Bave, Conboy, Cozza & Couzens, P.C., White Plains, NY (Donna L. Cook of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Westchester County (William J. Giacomo, J.), dated June 19, 2017. The order granted the defendant's motion for summary judgment dismissing the complaint.
ORDERED that the order is affirmed, with costs.
On March 5, 2015, between 10:00 and 11:00 a.m., the plaintiff Behar Haxhia (hereinafter the plaintiff) allegedly was injured at the defendant's property as the plaintiff was attempting to deliver oil to the defendant's house in Westchester County. Subsequently, the plaintiff, and his wife suing derivatively, commenced this action against the defendant, and the defendant moved for summary judgment dismissing the complaint.
At his deposition, the plaintiff testified that it was snowing "heavy" when he arrived at the defendant's home, it was snowing continuously the entire time he was there, and that it had been snowing "pretty much almost every day" prior the accident. There was a "uniform blanket" of approximately two feet of snow on the defendant's lawn when he arrived at the premises. Since the driveway had not been plowed, the plaintiff opted to walk across the lawn, which was on an incline, and a rock wall, in order to reach the oil fill at the defendant's house. He was able to see three-to-six inches of the top of the rock wall. He walked from the street, up the snow-covered incline, and over the wall to the defendant's house to find a connection for the hose to deliver the oil, and back to his truck, which was parked in the street, without incident. The hill was not slick or icy. After the plaintiff returned to the truck, he turned on the pump and began to transport the hose, which he said was "pretty heavy," to the house.
When the plaintiff reached the rock wall, he put the hose down, stepped onto the wall, and picked up the hose. He placed the hose on his right shoulder and held the hose with both of his hands. He took a step on the wall and then stepped down from the wall. When he stepped down, his foot went down, and as he was about to fall, he felt the hose pull him back. The plaintiff did not want to strike the wall, so he pushed forward and fell.
The Supreme Court granted the defendant's motion for summary judgment, finding that she neither created nor had actual or constructive notice of any defective condition on the property that allegedly caused the plaintiff's accident. The plaintiffs appeal. We affirm, albeit on a ground different from that relied upon by the Supreme Court.
"A landowner must act as a reasonable [person] in maintaining his [or her] property in a reasonably safe condition in view of all the circumstances, including the likelihood of injury to others, the seriousness of the injury, and the burden of avoiding the risk" (Cupo v Karfunkel, 1 AD3d 48, 51 [internal quotation marks omitted]; see Witkowski v Island Trees Pub. Lib., 125 AD3d 768, 769). "In order for a landowner to be liable in tort to a plaintiff who is injured as a result of an allegedly defective condition upon property, it must be established that a defective condition existed and that the landowner affirmatively created the condition or had actual or constructive notice of its existence" (Lezama v 34-15 Parsons Blvd., LLC, 16 AD3d 560; see Kruger v Donzelli Realty Corp., 111 AD3d 897, 898). "[W]hether a dangerous or defective condition exists on the property of another so as to create liability depends on the peculiar facts and circumstances of each case and is generally a question of fact for the jury" (Trincere v County of Suffolk, 90 NY2d 976, 977 [internal quotation marks omitted]; see Touloupis v Sears, Roebuck & Co., 155 AD3d 807, 808; Witkowski v Island Trees Pub. Lib., 125 AD3d at 769). "However, [s]ummary judgment in favor of a defendant is appropriate where a plaintiff fails to submit any evidence that a particular condition is actually defective or dangerous'" (Touloupis v Sears Roebuck & Co., 155 AD3d at 808, quoting Lezama v 34-15 Parsons Blvd, LLC, 16 AD3d at 560; see Witkowski v Island Trees Pub. Lib., 125 AD3d at 769).
Here, the defendant established, prima facie, her entitlement to judgment as a matter of law by submitting the transcript of the plaintiff's deposition testimony, which showed that there was no dangerous or defective condition that could have caused the plaintiff's fall. The plaintiff testified that prior to his fall, he had traversed the incline and had gone over the wall and come back down without incident. He testified that the hill was not slick or icy. His testimony regarding the circumstances of his fall demonstrated that the fall was not caused by any defect in the wall. Rather, the plaintiff's testimony shows that he fell when he picked up the oil hose, placed it on his right shoulder, stepped down from the wall, felt the hose pull him back, and then pushed himself forward in order to avoid striking the wall. In opposition, the plaintiff failed to raise a triable issue of fact.
Furthermore, even if we were to determine that the defendant had a duty to clear the snow to make a path for delivery, the defendant established, prima facie, her entitlement to judgment as a matter of law dismissing the complaint on the ground that there was a storm in progress at the time of the accident. "Under the so-called storm in progress' rule, a property owner will not be held responsible for accidents occurring as a result of the accumulation of snow and ice on its premises until an adequate period of time has passed following the cessation of the storm to allow the owner an opportunity to ameliorate the hazards caused by the storm" (Marchese v Skenderi, 51 AD3d 642, 642; see Pankratov v 2935 OP, LLC, 160 AD3d 757, 758).
Here, the plaintiff's deposition testimony established, prima facie, that there was a storm in progress at the time of the accident. In opposition, the plaintiff failed to raise a triable issue of fact as to whether the storm had abated and whether the defendant's duty to remedy the snow condition that was created by the storm had arisen (see Sherman v New York State Thruway Auth., 27 NY3d 1019, 1021). In contradiction to his prior deposition testimony, the plaintiff stated in his affidavit that it was flurrying, not snowing, on the property when he arrived. The plaintiff's self-serving affidavit contradicting his prior deposition testimony is insufficient to defeat summary judgment (see Matter of Agai v Diontech Consulting, Inc., 138 AD3d 736, 737).
Accordingly, we agree with the Supreme Court's determination to grant the defendant's motion for summary judgment dismissing the complaint.
DILLON, J.P., COHEN, DUFFY and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court