B. K. v Meadow Dr. Sch. (2019 NY Slip Op 01581)





B. K. v Meadow Dr. Sch.


2019 NY Slip Op 01581


Decided on March 6, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 6, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
RUTH C. BALKIN
HECTOR D. LASALLE
FRANCESCA E. CONNOLLY, JJ.


2017-12624
2018-02274
 (Index No. 11787/14)

[*1]B. K., etc., et al., appellants, 
v
Meadow Drive School, et al., respondents.


Sullivan Papain Block McGrath & Cannavo, P.C., New York, NY (Stephen C. Glasser of counsel), for appellants.
Ahmuty, Demers & McManus, Albertson, NY (Nicholas M. Cardascia and Glenn A. Kaminska of counsel), for respondents.



DECISION & ORDER
In an action to recover damages for personal injuries, etc., the plaintiffs appeal from (1) an order of the Supreme Court, Nassau County (Roy S. Mahon, J.), entered October 16, 2017, and (2) a judgment of the same court entered November 13, 2017. The order granted the defendants' motion for summary judgment dismissing the complaint. The judgment, upon the order, is in favor of the defendants and against the plaintiffs dismissing the complaint.
ORDERED that the appeal from the order is dismissed; and it is further,
ORDERED that the judgment is affirmed; and it is further,
ORDERED that one bill of costs is awarded to the defendants.
The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of the judgment in the action (see Matter of Aho, 39 NY2d 241, 248). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment (see CPLR 5501[a][1]).
On January 14, 2014, the infant plaintiff, a student at the defendant Meadow Drive School, which is part of the defendant Mineola Union Free School District (hereinafter together the defendants), allegedly was injured when a classmate slammed a bathroom door on her thumb. The infant plaintiff, by her mother and natural guardian, and her mother suing derivatively, commenced this action alleging that the defendants were negligent in their maintenance of the premises and in their supervision of the infant plaintiff. After joinder of issue, the defendants moved for summary judgment dismissing the complaint. The Supreme Court granted the motion and subsequently entered a judgment in favor of the defendants and against the plaintiffs dismissing the complaint. The plaintiffs appeal.
The defendants demonstrated their prima facie entitlement to judgment as a matter [*2]of law dismissing the premises liability cause of action by submitting evidence demonstrating that the bathroom door at issue was not in a defective or dangerous condition at the time of the alleged accident (see Witkowski v Island Trees Pub. Lib., 125 AD3d 768, 769; Rant v Locust Val. High Sch., 123 AD3d 686, 687; Donnelly v St. Agnes Cathedral Sch., 106 AD3d 773, 774; Lezama v 34-15 Parsons Blvd, LLC, 16 AD3d 560; Przybyszewski v Wonder Works Constr., 303 AD2d 482, 483; see also O'Brien v Sayville Union Free School Dist., 87 AD3d 569, 570; Fontana v R.H.C. Dev., LLC, 69 AD3d 561, 562; DeCarlo v Village of Dobbs Ferry, 36 AD3d 749, 750; Walsh v City School Dist. of Albany, 237 AD2d 811, 812). In opposition, the plaintiffs failed to raise a triable issue of fact (see Donnelly v St. Agnes Cathedral Sch., 106 AD3d at 774).
The defendants also established their prima facie entitlement to judgment as a matter of law dismissing the negligent supervision cause of action by submitting evidence establishing that the defendants adequately supervised the infant plaintiff (see Gilman v Oceanside Union Free Sch. Dist., 106 AD3d 952; Wagner v Oneonta School Dist., 68 AD3d 1516, 1517; Walsh v City School Dist. of Albany, 237 AD2d at 812). In opposition, the plaintiffs failed to raise a triable issue of fact (see Alvarez v Prospect Hosp., 68 NY2d 320, 324).
The plaintiffs' remaining contention need not be reached in light of our determination.
Accordingly, we agree with the Supreme Court's determination granting the defendants' motion for summary judgment dismissing the complaint.
MASTRO, J.P., BALKIN, LASALLE and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court