Gatto v Coinmach Corp. (2019 NY Slip Op 03956)





Gatto v Coinmach Corp.


2019 NY Slip Op 03956


Decided on May 22, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 22, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
CHERYL E. CHAMBERS
SHERI S. ROMAN
SYLVIA O. HINDS-RADIX, JJ.


2016-09311
 (Index No. 10107/13)

[*1]Marie Gatto, et al., plaintiffs-appellants,
v
Coinmach Corp., respondent, Highlawn Terrace, Inc., et al., defendants-appellants.


Cozen O'Connor, New York, NY (William K. Kirrane and Edward Hayum of counsel), for plaintiffs-appellants and defendants-appellants (one brief filed).
Ahmuty, Demers & McManus, Albertson, NY (Nicholas M. Cardascia and Glenn A. Kaminska of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, etc., the plaintiffs appeal, and the defendants Highlawn Terrace, Inc., and Wentworth Property Management Corp. separately appeal, from an order of the Supreme Court, Kings County (Martin M. Solomon, J.), dated June 28, 2016. The order, insofar as appealed from by the plaintiffs, granted that branch of the motion of the defendant Coinmach Corp. which was for summary judgment dismissing the complaint insofar as asserted against it. The order, insofar as appealed from by the defendants Highlawn Terrace, Inc., and Wentworth Property Management Corp., granted that branch of the motion of the defendant Coinmach Corp. which was for summary judgment dismissing all cross claims insofar as asserted against it.
ORDERED that the order is reversed insofar as appealed from, on the law, with costs, and the motion of the defendant Coinmach Corp. for summary judgment dismissing the complaint and all cross claims insofar as asserted against it is denied.
The plaintiff Marie Gatto (hereinafter the injured plaintiff) alleges that she fell in the laundry room in her apartment building as she was trying to open the soap tray of the washing machine she was using. According to the injured plaintiff, the washing machines in the laundry room are placed on a platform, which is 10¾ inches high, and there is a step in front of the platform, which is 5&frac18; inches high. After putting her laundry in the washing machine, the injured plaintiff stepped onto the step to put soap into the soap tray. She alleges that she pulled the soap tray out of the washing machine and the tray did not stop, as it was supposed to, but came all the way out, causing her to fall backward. At her deposition, the injured plaintiff testified that the fact that the soap tray came all the way out of the washing machine "caused [her] to fall."
Following the accident, the injured plaintiff, and her husband suing derivatively, commenced this action against Highlawn Terrace, Inc. (hereinafter Highlawn), the owner of the building, Wentworth Property Management Corp. (hereinafter Wentworth), the management company, and Coinmach Corp. (hereinafter Coinmach), which leased the laundry room from Highlawn and was responsible for maintaining it. Coinmach moved for summary judgment [*2]dismissing the complaint and all cross claims insofar as asserted against it, and the Supreme Court granted the motion. The plaintiffs appeal, and Highlawn and Wentworth separately appeal.
The Supreme Court should have denied that branch of Coinmach's motion which was for summary judgment dismissing the complaint insofar as asserted against it. Contrary to Coinmach's contention, it failed to establish, prima facie, that it did not owe a duty to the injured plaintiff. Coinmach was the lessee of the laundry room with "the sole and exclusive occupancy, possession and control" for a term of seven years. In return, Coinmach agreed to make monthly rent payments. A tenant has a common-law duty to keep the premises it occupies in a reasonably safe condition, even when the landlord has explicitly agreed in the lease to maintain the premises (see Reimold v Walden Terrace, Inc., 85 AD3d 1144; Cohen v Central Parking Sys., 303 AD2d 353, 354; Chadis v Grand Union Co., 158 AD2d 443).
Although we agree with our dissenting colleague that the height of the machine was not an actionable defect (see Zamor v Dirtbusters Laundromat, Inc., 138 AD3d 1114, 1115), the soap tray was defective. The superintendent of the building testified at his deposition that the clip that was supposed to prevent the soap tray from sliding out of the washing machine was broken. Coinmach failed to meet its burden on its motion for summary judgment of establishing, prima facie, that the defective soap tray was not a proximate cause of the accident (see Padilla v Park Plaza Owners Corp., 165 AD3d 1272, 1275). Since the injured plaintiff testified at her deposition that the defective soap tray caused her fall, there is a triable issue of fact as to proximate cause. The fact that she used the washing machines on many prior occasions without incident is not relevant to this analysis.
Moreover, Coinmach failed to make a prima facie showing that it did not have constructive notice that the soap tray was broken. Coinmach's area vice president testified at his deposition that Coinmach did not perform any routine maintenance on the machines, which were serviced whenever Coinmach received a service call requesting repairs. The area vice president testified that at each such service call, the technician would perform a "touch and feel test" on each machine, which would include opening the soap tray to make sure it was secure. However, there is no evidence in the record as to the date of the last service call, and therefore no evidence as to when Coinmach last inspected the subject soap tray before the injured plaintiff's accident (see Rodriguez v New York City Hous. Auth., 169 AD3d 947; Quinones v Starret City, Inc., 163 AD3d 1020, 1022). Contrary to the conclusion of our dissenting colleague, the fact that the building superintendent—who was not an employee of Coinmach—did not have actual notice of the defect is not relevant to whether Coinmach had constructive notice of the defect. In any event, the superintendent monitored the laundry room to insure that the machines were working, but there is no evidence that he monitored the condition of the soap trays. He testified that the porter cleaned the soap trays and therefore must have examined them, but there is no statement in the record from the porter as to what he did. Accordingly, Coinmach failed to eliminate all triable issues of fact as to whether it had constructive notice of the dangerous condition (see Reimold v Walden Terrace, Inc., 85 AD3d 1144).
Since Coinmach did not establish its prima facie entitlement to judgment as a matter of law, the Supreme Court should have denied that branch of Coinmach's motion which was for summary judgment dismissing the complaint insofar as asserted against it, regardless of the sufficiency of the opposing papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
Moreover, the Supreme Court also should have denied those branches of Coinmach's motion which were for summary judgment dismissing the cross claims asserted by Highlawn and Wentworth against Coinmach for contractual and common-law indemnification and contribution, since Coinmach did not establish that it was free from negligence in the happening of the injured plaintiff's accident (see Dow v Hermes Realty, LLC, 155 AD3d 824, 826; Bleich v Metropolitan Mgt., LLC, 132 AD3d 933, 934; Sellitti v TJX Cos., Inc., 127 AD3d 724, 726; Adler v Columbia Sav. & Loan Assn., 26 AD3d 349).
BALKIN, J.P., CHAMBERS and HINDS-RADIX, JJ., concur.
ROMAN, J., dissents, and votes to affirm the order insofar as appealed from, with the following memorandum:
While I agree with my colleagues in the majority that the defendant Coinmach Corp. (hereinafter Coinmach) failed to establish, prima facie, that it did not owe a duty of care to the plaintiff Marie Gatto (hereinafter the injured plaintiff) (see Reimold v Walden Terrace, Inc., 85 AD3d 1144; Cohen v Central Parking Sys., 303 AD2d 353, 354), in my view, Coinmach was entitled to summary judgment on the grounds that there was no dangerous or defective condition that caused the accident and, in any event, that Coinmach did not create or have actual or constructive notice of such condition.
On January 3, 2013, the injured plaintiff, then 80 years old, allegedly was injured when she fell while using a washing machine in a laundry room in the apartment building in which she resided, which was owned by the defendant Highlawn Terrace, Inc. (hereinafter Highlawn), and managed by the defendant Wentworth Property Management Corp. (hereinafter Wentworth). The washing machine was situated on top of a raised concrete platform that was 10¾ inches above the laundry room floor, and there was a concrete step in front of the platform that was 5&frac18; inches high. At the time of the accident, the injured plaintiff had finished loading her laundry into the washing machine and was standing on the concrete step, about to add detergent to the retractable soap tray. The injured plaintiff testified at her deposition that the soap tray was made of plastic and weighed less than one pound. As the injured plaintiff pulled out the soap tray, it became disconnected from the washing machine. The injured plaintiff testified that she "guess[ed] [she] was surprised that [the tray] didn't stop and [she] just took a step back," and fell to the floor.
Following the accident, the injured plaintiff, and her husband suing derivatively, commenced this action against Highlawn, Wentworth, and Coinmach, which had leased the laundry room from Highlawn. Coinmach's lease with Highlawn provided for Coinmach's exclusive use and occupancy of the laundry room for a certain period of time in exchange for monthly rent. As relevant to this appeal, the plaintiffs alleged, among other things, that Coinmach was negligent in failing to properly maintain the laundry room and, more particularly, the pull-out soap tray and the area immediately in front of the washing machines. Highlawn and Wentworth asserted cross claims against Coinmach for common-law and contractual indemnification and/or contribution. Coinmach moved for summary judgment dismissing the complaint and all cross claims insofar as asserted against it. In the order appealed from, the Supreme Court, inter alia, granted Coinmach's motion. The court determined that Coinmach did not owe the injured plaintiff a duty of care, and, in any event, that Coinmach established that it did not create the alleged defective condition involving the soap tray, or have actual or constructive notice of that condition.
"In order for a landowner or a lessee to be liable in tort to a plaintiff who is injured as a result of an allegedly defective condition upon property, it must be established that a defective condition existed, and that the defendant landowner or lessee affirmatively created the condition or had actual or constructive notice of its existence" (Zamor v Dirtbusters Laundromat, Inc., 138 AD3d 1114, 1114; see Wilks v City of New York, 144 AD3d 673, 674; Witkowski v Island Trees Pub. Lib., 125 AD3d 768, 769).
Here, Coinmach demonstrated, prima facie, that the injured plaintiff's accident was not caused by any dangerous or defective condition (see generally Ingram v Costco Wholesale Corp., 117 AD3d 685; Caldwell v Pathmark Stores, Inc., 29 AD3d 847). Given the injured plaintiff's deposition testimony, it is speculative to assume that her fall was caused by the detached soap tray, which was made of plastic and weighed less than one pound, as opposed to her simply losing her balance when she took a step back. Moreover, as noted by Coinmach, the injured plaintiff testified that she had washed her laundry in the laundry room on a weekly basis for the entire 14-year period that she had lived in the building, and had used the step in front of the machine on over 100 prior occasions without incident. This testimony demonstrated that the washing machine, which the injured plaintiff and other tenants had previously used without incident, was not mounted at an unsafe height, and that the concrete step in front of the platform was adequate for its intended use [*3](see Zamor v Dirtbusters Laundromat, Inc., 138 AD3d at 1115).
In any event, even assuming that the accident was caused by the defective condition of the soap tray, Coinmach submitted evidence demonstrating, prima facie, that it did not create or have actual or constructive notice of such condition. Through the deposition testimony of the building superintendent and the deposition testimony of an employee of Coinmach, as well as service logs, Coinmach established that the washing machines in the laundry room were regularly monitored and cleaned, and that there was no record of any prior complaints about the soap tray before the accident (see Isaacs v Federated Dept. Stores, Inc., 146 AD3d 762, 764; Caban v Bronx Park S. II Assoc., 142 AD3d 462; Bazne v Port Auth. of N.Y. & N.J., 61 AD3d 583). The superintendent testified that he would check the laundry room twice per day to make sure the machines were functioning, and that every morning, at 8:30 a.m., the porter would clean the exterior of the washing machines, which included pulling out the soap trays and wiping them down. In addition, the superintendent testified that the porter would report to him if there were any maintenance issues with the washing machines, and that, prior to the injured plaintiff's accident, he was not told of any issues with the soap trays. Additionally, Coinmach's area vice president testified that prior to the accident, he was not aware of any complaints about the soap trays pulling free from the machines, and that the service call records did not note any issues with regard to the subject soap tray prior to the incident.
In opposition, the plaintiffs failed to raise a triable issue of fact. The affidavit of the plaintiffs' expert engineer was insufficient to raise a triable issue of fact because his conclusions were not supported by empirical data or any relevant industry standard, and did not allege the violation of any applicable statute or regulation (see Zamor v Dirtbusters Laundromat, Inc., 138 AD3d at 1115; Brown v City of Yonkers, 119 AD3d 881, 882; see also Martirosyan v Antreasyan, 153 AD3d 616, 616-617).
Coinmach also made a prima facie showing of entitlement to judgment as a matter of law dismissing the cross claims for contribution and common-law and contractual indemnification asserted against it by demonstrating that it was free from fault in the happening of the accident (see Troia v City of New York, 162 AD3d 1089, 1093; Stanton v Oceanside Union Free Sch. Dist., 140 AD3d 731, 734; Charles v William Hird & Co., Inc., 102 AD3d 907, 909; cf. Flossos v Waterside Redevelopment Co., L.P., 108 AD3d 647). In opposition, Highlawn and Wentworth failed to raise a triable issue of fact.
Accordingly, the Supreme Court properly granted Coinmach's motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against it.
ENTER:
Aprilanne Agostino
Clerk of the Court