Olivares v Pollack 111 Bruce, LLC (2021 NY Slip Op 04613)





Olivares v Pollack 111 Bruce, LLC


2021 NY Slip Op 04613


Decided on August 4, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 4, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
CHERYL E. CHAMBERS
LEONARD B. AUSTIN
COLLEEN D. DUFFY, JJ.


2018-13816
 (Index No. 63814/16)

[*1]Angel Olivares, appellant,
v
Pollack 111 Bruce, LLC, et al., respondents.


Musa-Obregon Law, P.C., White Plains, NY (S. Michael Musa-Obregon of counsel), for appellant.
Lester Schwab Katz & Dwyer, LLP, New York, NY (Steven B. Prystowsky and Jeffrey B. Aronwald of counsel), for respondents.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from a judgment of the Supreme Court, Westchester County (William J. Giacomo, J.), dated December 14, 2018. The judgment, upon an order of the same court dated October 29, 2018, granting the defendants' motion for summary judgment dismissing the complaint and denying the plaintiff's cross motion to impose sanctions on the defendants for spoliation of evidence, is in favor of the defendants and against the plaintiff dismissing the complaint.
ORDERED that the judgment is affirmed, with costs.
On November 2, 2015, the plaintiff, a resident of an apartment building in Yonkers allegedly was injured when he slipped and fell in a hallway near the entrance to a laundry room. The plaintiff subsequently commenced this action against the defendants, the owners/managers of the building. Following discovery, the defendants moved for summary judgment dismissing the complaint, contending, inter alia, that they did not create or have notice of the condition that allegedly caused the plaintiff's injuries. The plaintiff cross-moved to impose sanctions on the defendants for spoliation of evidence, based upon the failure to preserve video surveillance footage for certain periods prior to and after the day of the accident. In an order dated October 29, 2018, the Supreme Court granted the defendants' motion and denied the plaintiff's cross motion. On December 14, 2018, the court issued a judgment dismissing the complaint. The plaintiff appeals.
The evidence submitted in support of the defendants' motion, which included, among other things, excerpts of the deposition testimony of both the plaintiff and the superintendent of the building, as well as video surveillance footage of the accident, established the defendants' prima facie entitlement to judgment as a matter of law by demonstrating that they did not create or have actual or constructive notice of the condition that allegedly caused the plaintiff's injury (see Athenas v Simon Prop. Group, LP, 185 AD3d 884, 886; Sanchez-Acevedo v Mariott Health Care Serv., 270 AD2d 244, 244). In opposition, the plaintiff failed to raise a triable issue of fact (see Alvarez v Prospect Hosp., 68 NY2d 320, 324; Bader v River Edge at Hastings Owners Corp., 159 AD3d 780, 781).
As to the plaintiff's cross motion, he failed to demonstrate that the additional video surveillance footage sought was withheld or destroyed in bad faith, willfully, or contumaciously (see Pegasus Aviation I, Inc. v Varig Logistica S.A., 26 NY3d 543, 547; Fireman's Fund Ins. Co. v Sweeney & Harkin Carpentry & Dry Wall Corp., 78 AD3d 650; Denoyelles v Gallagher, 40 AD3d 1027). The plaintiff further failed to show that the additional video surveillance footage would support his claim (see Pegasus Aviation I, Inc. v Varig Logistica S.A., 26 NY3d at 547-548; Coleman v Putnam Hosp. Ctr., 74 AD3d 1009, 1011; Denoyelles v Gallagher, 40 AD3d at 1027). Therefore, the Supreme Court providently exercised its discretion in denying the plaintiff's cross motion to impose sanctions for spoliation of evidence.
The parties' remaining contentions are without merit.
DILLON, J.P., CHAMBERS, AUSTIN and DUFFY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court