Schneider v Gap, Inc. (2022 NY Slip Op 04924)

Schneider v Gap, Inc.

2022 NY Slip Op 04924

Decided on August 10, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on August 10, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
SHERI S. ROMAN
LINDA CHRISTOPHER
WILLIAM G. FORD, JJ.

2021-02561
 (Index No. 710926/18)

[*1]Lisa Schneider, respondent,
v
Gap, Inc., appellant, et al., defendants.

McAndrew, Conboy & Prisco, LLP, Melville, NY (Michael J. Prisco and Peter G. Prisco of counsel), for appellant.
Santucci & Calderoni, PLLC, Bronx, NY (Fred T. Santucci, Jr., of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, the defendant Gap, Inc., appeals from an order of the Supreme Court, Queens County (Carmen R. Velasquez, J.), dated March 31, 2021. The order, insofar as appealed from, upon renewal, adhered to the determination in an order of the same court dated June 5, 2020, denying that defendant's motion for summary judgment dismissing the complaint insofar as asserted against it.
ORDERED that the order dated March 31, 2021, is reversed insofar as appealed from, on the law, with costs, upon renewal, the order dated June 5, 2020, is vacated, and the motion of the defendant Gap, Inc., for summary judgment dismissing the complaint insofar as asserted against it is granted.
On May 15, 2018, the plaintiff allegedly was injured when she slipped and fell over a security tag on the floor of a store in Queens owned by the defendant Gap, Inc. (hereinafter the defendant). The plaintiff commenced this action to recover damages for personal injuries against the defendant, among others. After discovery, the defendant moved for summary judgment dismissing the complaint insofar as asserted against it. In an order dated June 5, 2020, the Supreme Court denied the defendant's motion.
The defendant subsequently moved, inter alia, for leave to renew its prior motion for summary judgment dismissing the complaint insofar as asserted against it. By order dated March 31, 2021, the Supreme Court, among other things, granted the defendant leave to renew but, upon renewal, adhered to its prior determination in the order dated June 5, 2020. The defendant appeals.
The defendant established its prima facie entitlement to judgment as a matter of law dismissing the complaint insofar as asserted against it through the submission of, inter alia, a transcript of the plaintiff's deposition testimony and video surveillance footage of the accident. This evidence established, prima facie, that no dangerous or defective condition existed on the floor of the store and that the plaintiff tripped over her own feet (see Touloupis v Sears, Roebuck & Co., 155 AD3d 807, 809; Witkowski v Island Trees Pub. Lib., 125 AD3d 768, 770; DiStefano v Ulta Salon, 95 AD3d 932, 933; see also Olivares v Pollack 111 Bruce, LLC, 197 AD3d 481, 482; Castro v [*2]Hatim, 174 AD3d 464, 466; Ramirez v Creative Linen House, Inc., 170 AD3d 913; Polomski v Deluca, 161 AD3d 1116, 1117). Contrary to the plaintiff's contention, her deposition testimony that she stepped backwards and slipped on a security tag is belied by the video surveillance footage (see Castro v Hatim, 174 AD3d at 466; see also Loughlin v City of New York, 186 AD2d 176, 177). In opposition, the plaintiff failed to raise a triable issue of fact.
Accordingly, upon renewal, the Supreme Court should have granted the defendant's motion for summary judgment dismissing the complaint insofar as asserted against it.
CONNOLLY, J.P., ROMAN, CHRISTOPHER and FORD, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court