Villalba v Daughney (2023 NY Slip Op 01320)

Villalba v Daughney

2023 NY Slip Op 01320

Decided on March 15, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 15, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
FRANCESCA E. CONNOLLY
CHERYL E. CHAMBERS
PAUL WOOTEN, JJ.

2019-12244
 (Index No. 613729/17)

[*1]Anibal Villalba, appellant,
v
Brian Daughney, et al., respondents.

Sackstein Sackstein & Lee (Michael H. Zhu, Esq., P.C., New York, NY, of counsel), for appellant.
Brand Glick Brand, Garden City, NY (Robert S. Mazzuchin of counsel), for respondents.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Nassau County (Thomas Feinman, J.), entered September 12, 2019. The order granted the defendants' motion for summary judgment dismissing the complaint.
ORDERED that the order is affirmed, with costs.
The plaintiff allegedly was injured when he tripped and fell on a mat on the front stoop of a house owned by the defendants. Thereafter, the plaintiff commenced this action to recover damages for personal injuries. The defendants moved for summary judgment dismissing the complaint, contending that they maintained their premises in a reasonably safe condition. The Supreme Court granted the motion. The plaintiff appeals.
"A landowner must act as a reasonable [person] in maintaining his [or her] property in a reasonably safe condition in view of all the circumstances, including the likelihood of injury to others, the seriousness of the injury, and the burden of avoiding the risk" (Cupo v Karfunkel, 1 AD3d 48, 51 [internal quotation marks omitted]; see Zamor v Dirtbusters Laundromat, Inc., 138 AD3d 1114). "In order for a landowner to be liable in tort to a plaintiff who is injured as a result of an allegedly defective condition upon property, it must be established that a defective condition existed and that the landowner affirmatively created the condition or had actual or constructive notice of its existence" (Lezama v 34-15 Parsons Blvd, LLC, 16 AD3d 560, 560; see Fontana v R.H.C. Dev., LLC, 69 AD3d 561, 562).
"[W]hether a dangerous or defective condition exists on the property of another so as to create liability 'depends on the peculiar facts and circumstances of each case and is generally a question of fact for the jury'" (Trincere v County of Suffolk, 90 NY2d 976, 977, quoting Guerrieri v Summa, 193 AD2d 647, 647 [internal quotation marks omitted]; see Wilks v City of New York, 144 AD3d 673, 674). However, "[s]ummary judgment in favor of a defendant is appropriate where a plaintiff fails to submit any evidence that a particular condition is actually defective or dangerous" (Lezama v 34-15 Parsons Blvd, LLC, 16 AD3d at 560; see Witkowski v Island Trees Pub. Lib., 125 AD3d 768, 769; Przybyszewski v Wonder Works Constr., 303 AD2d 482, 483).
Here, the defendants established, prima facie, that the mat was not in a defective or dangerous condition and that they maintained their premises in a reasonably safe condition (see Witkowski v Island Trees Pub. Lib., 125 AD3d at 769-770; Przybyszewski v Wonder Works Constr., 303 AD2d at 483; Guerrieri v Summa, 193 AD2d at 647-648). In opposition, the plaintiff failed to raise a triable issue of fact. Contrary to the plaintiff's contention, the presence of the mat was open and obvious and visible to one reasonably using his or her senses, and not inherently dangerous (see Sprott v IKEA N.Y., LLC, 169 AD3d 851; Sosa v RS 2001, Inc., 106 AD3d 720; Leib v Silo Rest., Inc., 26 AD3d 359; Schoen v King Kullen Grocery Co., 296 AD2d 486).
Accordingly, the Supreme Court properly granted the defendants' motion for summary judgment dismissing the complaint.
DILLON, J.P., CONNOLLY, CHAMBERS and WOOTEN, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court