■ RENY RIVERO, Respondent, v SPILLANE ENTERPRISES, CORP., Doing Business as McDONALD's RESTAURANT, Appellant. [943 NYS2d 235]—

In an action to recover damages for personal injuries, the defendant appeals from an order of the Supreme Court, Richmond County (McMahon, J.), dated June 30, 2011, which denied its motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, and the defendant's motion for summary judgment dismissing the complaint is granted.

At approximately 9:40 P.M. on May 5, 2009, the plaintiff allegedly was injured at a McDonald's Restaurant on Staten Island owned by the defendant. Specifically, the plaintiff had purchased a yogurt at the counter and asked the counter worker where the restroom was located. The worker pointed to the direction of the restroom and, as the defendant walked to a nearby table on which to place his yogurt container, he slipped and fell on a damp floor which had been mopped by an employee shortly before the occurrence. At the time of the occurrence, a wet floor sign was in place in the area where the plaintiff fell. The Supreme Court denied the defendant's motion for summary judgment dismissing the complaint.

A property owner has a duty to maintain its property in a reasonably safe condition, which "may also include the duty to warn of a dangerous condition" (*Cupo v Karfunkel*, 1 AD3d 48,

51 [2003]). A property owner, however, has no duty to protect or warn against an open and obvious condition that is not inherently dangerous (*see Atehortua v Lewin*, 90 AD3d 794 [2011], *lv denied* 18 NY3d 811 [2012]; *Surujnaraine v Valley Stream Cent. High School Dist.*, 88 AD3d 866 [2011]; *Katz v Westchester County Healthcare Corp.*, 82 AD3d 712, 713 [2011]).

On this record, it cannot be determined as a matter of law that the damp floor upon which the plaintiff slipped and fell was open and obvious, and not inherently dangerous, so as to relieve the defendant of its duty to warn of the hazard (*see Cook v Consolidated Edison Co. of NY, Inc.*, 51 AD3d 447, 448 [2008]). However, the defendant established its prima facie entitlement to judgment as a matter of law by demonstrating that it satisfied its duty to warn of a potentially dangerous condition by placing a warning sign in the area where the plaintiff fell (*see Hammond v International Paper Co.*, 161 AD2d 914, 915 [1990]). In opposition, the plaintiff failed to raise a triable issue of fact (*see generally Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]). Dillon, J.P., Florio, Chambers and Roman, JJ., concur.