Aleman v 760 8th Ave. Rest., Inc. (2020 NY Slip Op 06079)





Aleman v 760 8th Ave. Rest., Inc.


2020 NY Slip Op 06079


Decided on October 28, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 28, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
SHERI S. ROMAN
JOSEPH J. MALTESE
BETSY BARROS, JJ.


2019-03418
 (Index No. 701043/17)

[*1]Karen Aleman, respondent,
v
760 8th Ave. Rest., Inc., etc., et al., appellants.


Havkins Rosenfeld Ritzert & Varriale, LLP, New York, NY (Michelle Bochner of counsel), for appellants.
Pontisakos & Brandman, P.C., Garden City, NY (Elizabeth Mark Meyerson of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, the defendants appeal from an order of the Supreme Court, Queens County (Salvatore Modica, J.), dated January 22, 2019. The order denied the defendants' motion for summary judgment dismissing the complaint.
ORDERED that the order is affirmed, with costs.
The plaintiff allegedly was injured when she slipped and fell on a wet floor on the defendants' premises in Manhattan. The plaintiff commenced this action to recover damages for personal injuries action against the defendants. The defendants moved for summary judgment dismissing the complaint, and the Supreme Court denied the motion. The defendants appeal.
In a slip-and-fall case, a defendant moving for summary judgment can establish its prima facie entitlement to judgment as a matter of law by demonstrating, prima facie, that it did not create the alleged hazardous condition or have actual or constructive notice of its existence for a sufficient length of time to discover and remedy it (see Steele v Samaritan Found., Inc., 176 AD3d 998, 999; Kerzhner v New York City Tr. Auth., 170 AD3d 982, 982-983). A defendant moving for summary judgment in a slip-and-fall action also can meet its initial burden as the movant by demonstrating that the plaintiff did not know what caused him or her to fall (see Defino v Interlaken Owners, Inc., 125 AD3d 717; DiLorenzo v S.I.J. Realty Co., LLC, 115 AD3d 701, 702). Additionally, while a landowner has a duty to maintain its premises in a reasonably safe manner (see Basso v Miller, 40 NY2d 233), a landowner has no duty to protect or warn against an open and obvious condition that, as a matter of law, is not inherently dangerous (see Cupo v Karfunkel, 1 AD3d 48).
Here, contrary to the defendants' contention, they failed to establish, prima facie, that the plaintiff did not know what caused her to fall (see Steele v Samaritan Found., Inc., 176 AD3d at 1000; Kerzhner v New York City Tr. Auth., 170 AD3d at 983; Lamour v Decimus, 118 AD3d 851, 852). In support of the motion, the defendants submitted, inter alia, the deposition testimony of the plaintiff wherein she attested that she slipped and fell on a wet floor and that her pants became wet after she fell. The defendants also failed to establish, prima facie, that the condition that allegedly [*2]caused the plaintiff to slip and fall was open and obvious and not inherently dangerous (see generally Cupo v Karfunkel, 1 AD3d 48). Finally, the defendants failed to establish, prima facie, that they did not create or have actual or constructive notice of the alleged hazardous condition (see generally Gordon v American Museum of Natural History, 67 NY2d 836; Birnbaum v New York Racing Assn., Inc., 57 AD3d 598; cf. Koziar v Grand Palace Rest., 125 AD3d 607). Since the defendants failed to meet their prima facie burden, we need not consider the sufficiency of the plaintiff's opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
Accordingly, we agree with the Supreme Court's determination to deny the defendants' motion for summary judgment dismissing the complaint.
MASTRO, J.P., ROMAN, MALTESE and BARROS, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court