Diaz v SCG 502, LLC (2023 NY Slip Op 01779)

Diaz v SCG 502, LLC

2023 NY Slip Op 01779

Decided on April 5, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 5, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
ROBERT J. MILLER
PAUL WOOTEN
LILLIAN WAN, JJ.

2020-07917
 (Index No. 505355/18)

[*1]Monica Diaz, appellant, 
v
SCG 502, LLC, et al., defendants, Bronx 502 East 189th Street, L.P., respondent.

Lipsig, Shapey, Manus & Moverman, P.C. (Pollack, Pollack, Isaac & DeCicco, LLP, New York, NY [Brian J. Isaac and Greg Freedman], of counsel), for appellant.
Galvano & Xanthakis, P.C., Staten Island, NY (Constantine A. Pantazis of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Bruce M. Balter, J.), dated September 22, 2020. The order granted the motion of the defendant Bronx 502 East 189th Street, L.P., for summary judgment dismissing the amended complaint insofar as asserted against it.
ORDERED that the order is reversed, on the law, with costs, and the motion of the defendant Bronx 502 East 189th Street, L.P., for summary judgment dismissing the amended complaint insofar as asserted against it is denied.
On January 23, 2018, the plaintiff allegedly slipped and fell on a step of an interior staircase between the third and second floors of the multiple-dwelling building where she resided. The plaintiff commenced this personal injury action against, among others, the owner of the building, the defendant Bronx 502 East 189th Street, L.P. (hereinafter the defendant). After the completion of discovery, the defendant moved for summary judgment dismissing the amended complaint insofar as asserted against it, arguing that the plaintiff did not know the cause of her fall. The Supreme Court granted the defendant's motion, and the plaintiff appeals.
"In a slip-and-fall case, a defendant can establish its prima facie entitlement to judgment as a matter of law by demonstrating that the plaintiff did not know what caused the fall" (Lamour v Decimus, 118 AD3d 851, 851; see Aleman v 760 8th Ave. Rest., Inc., 187 AD3d 1106, 1106; Kerzhner v New York City Tr. Auth., 170 AD3d 982, 983). "[A] plaintiff's inability to identify the cause of the fall is fatal to the cause of action, because a finding that the defendant's negligence, if any, proximately caused the plaintiff's injuries would be based on speculation" (Rivera v J. Nazzaro Partnership, L.P., 122 AD3d 826, 827; see Madden v 3240 Henry Hudson Parkway, LLC, 192 AD3d 1095, 1096).
Here, the defendant failed to establish, prima facie, that the plaintiff did not know what caused her to fall. In support of its motion, the defendant submitted the deposition testimony of the plaintiff, who testified that she slipped and fell on a wet step (see Aleman v 760 8th Ave. Rest., [*2]Inc., 187 AD3d at 1107; Kerzhner v New York City Tr. Auth., 170 AD3d at 983; Lamour v Decimus, 118 AD3d at 851-852). Contrary to the defendant's contention, the plaintiff's alleged inability to identify the "precise nature of the wet substance upon which she allegedly slipped and fell cannot be equated with a failure to identify the cause of her fall" (Burrus v Douglaston Realty Mgt. Corp., 175 AD3d 461, 462; see Stancarone v Sullivan, 167 AD3d 676, 678).
The defendant's contention that it neither created the alleged condition nor had actual or constructive notice of it is not properly before this Court, as that contention was improperly raised for the first time in the defendant's reply papers before the Supreme Court (see Chandler v New York City Tr. Auth., 209 AD3d 825, 827; U.S. Bank N.A. v Kahn Prop. Owner, LLC, 206 AD3d 850, 851; Nationstar Mtge., LLC v Osikoya, 205 AD3d 1038, 1040).
Since the defendant failed to meet its prima facie burden, the Supreme Court should have denied the defendant's motion for summary judgment dismissing the amended complaint insofar as asserted against it without regard to the sufficiency of the plaintiff's opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
CONNOLLY, J.P., MILLER, WOOTEN and WAN, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court