Devoe v Nostrand II Meat Corp. (2023 NY Slip Op 02495)

Devoe v Nostrand II Meat Corp.

2023 NY Slip Op 02495

Decided on May 10, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on May 10, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
VALERIE BRATHWAITE NELSON
ANGELA G. IANNACCI
JOSEPH A. ZAYAS, JJ.

2021-07767
 (Index No. 512022/18)

[*1]Agnes Devoe, appellant, 
v
Nostrand II Meat Corp., et al., respondents.

Harmon, Linder & Rogowsky (Mitchell Dranow, Sea Cliff, NY, of counsel), for appellant.
Wilson Elser Moskowitz Edelman & Dicker, LLP, White Plains, NY (Danielle S. Tauber of counsel), for respondents.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Mark I. Partnow, J.), dated September 1, 2021. The order granted the defendants' motion for summary judgment dismissing the complaint.
ORDERED that the order is affirmed, with costs.
The plaintiff commenced this action to recover damages for personal injuries she allegedly sustained when she tripped and was struck by a sliding door in the entryway of a store owned, operated, or maintained by the defendants. After the completion of discovery, the defendants moved for summary judgment dismissing the complaint. The Supreme Court granted the defendants' motion on the ground that the plaintiff did not know what had caused her to fall. The plaintiff appeals. We affirm, but on a different ground.
An owner or tenant in possession of real property owes a duty to maintain the property in a reasonably safe condition (see Sweeney v Hoey, 211 AD3d 1071, 1071-1072; Muller v City of New York, 185 AD3d 834, 835). Such a defendant moving for summary judgment in a premises liability case can demonstrate its prima facie entitlement to judgment as a matter of law dismissing the complaint by demonstrating that no hazardous condition existed at the premises (see Carey v Walt Whitman Mall, LLC, _____ AD3d _____, 2023 NY Slip Op 01773 at *1 [2d Dept]; Ingram v COSTCO Wholesale Corp., 117 AD3d 685). A defendant can additionally make its prima facie showing of entitlement to judgment as a matter of law by establishing that the plaintiff cannot identify the cause of her fall without engaging in speculation (see Nativo v Dragonetti Bros. Landscaping Nursery & Florist, Inc., 190 AD3d 981, 982; Ash v City of New York, Trump Vil. Section 3, Inc., 109 AD3d 854, 855).
Here, viewing the evidence in the light most favorable to the plaintiff as the nonmoving party, the defendants failed to establish, prima facie, that the plaintiff did not know what had caused her to fall (see Rozo v Roman Catholic Church of the Precious Blood, 210 AD3d 921; Chang v Marmon Enters., Inc., 172 AD3d 678, 679). The plaintiff testified at her deposition that she fell because she tripped on a door saddle and the sliding door struck her.
Nevertheless, the defendants demonstrated, prima facie, through the affidavit of their expert, that neither the door saddle nor the sliding door were in a dangerous or defective condition (see Ingram v COSTCO Wholesale Corp., 117 AD3d at 685; Lezama v 34-15 Parsons Blvd, LLC, 16 AD3d 560). In opposition, the plaintiff failed to raise a triable issue of fact, as the industry standards relied upon by the plaintiff's expert were inapplicable to the entryway of the store.
Accordingly, we affirm the order appealed from.
BARROS, J.P., BRATHWAITE NELSON, IANNACCI and ZAYAS, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court