Saravo-Schectman v Pinchback (2023 NY Slip Op 04224)

Saravo-Schectman v Pinchback

2023 NY Slip Op 04224

Decided on August 9, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on August 9, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
PAUL WOOTEN
WILLIAM G. FORD
JANICE A. TAYLOR, JJ.

2021-07579
 (Index No. 601120/19)

[*1]Silvia Saravo-Schectman, appellant, 
v
Rebecca Pinchback, et al., respondents.

Richard Paul Stone, New York, NY, for appellant.
Law Offices of Curtis, Vasile, Mehary & Dorry, P.C., Merrick, NY (Michael J. Dorry of counsel), for respondents.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Nassau County (Denise L. Sher, J.), entered October 13, 2021. The order granted the defendants' motion for summary judgment dismissing the complaint.
ORDERED that the order is affirmed, with costs.
On July 23, 2018, at approximately 9:45 p.m., the plaintiff allegedly was injured when she fell several feet from the top of a retaining wall which separated two portions of a blacktop surface that were at different heights. At the time of the accident, the plaintiff was leaving a home on the property after visiting a friend who was renting the property from the defendant homeowners. In January 2019, the plaintiff commenced this action to recover damages for personal injuries against the defendants, alleging, inter alia, that the height differential associated with the retaining wall presented a dangerous condition due to the failure of the defendants to provide adequate lighting. Thereafter, the defendants moved for summary judgment dismissing the complaint. In an order entered October 13, 2021, the Supreme Court granted the defendants' motion. The plaintiff appeals.
"In order for a landowner to be liable in tort to a plaintiff who is injured as a result of a dangerous or defective condition upon the landowner's property, the plaintiff must establish that a dangerous or defective condition actually existed, and that the defendant either created the defect or had actual or constructive notice of it" (Lattimore v Thackurdeen, 194 AD3d 914, 914-915 [internal quotation marks omitted]).
Here, the defendants failed to establish, prima facie, that the height differential associated with the retaining wall was open and obvious and not inherently dangerous given the circumstances at the time of the accident, including the dim lighting conditions (see Rosenman v Siwiec, 196 AD3d 523, 525; Graul v Van Damme, 192 AD3d 1549; Lazic v Trump Vil. Section 3, Inc., 134 AD3d 776, 777). Although the defendants submitted photographs showing that the retaining wall stood out as a different color from the surrounding blacktop, those photographs did not depict the actual conditions at the time that the accident occurred, with no exterior lighting. Nevertheless, the defendants established, prima facie, that the accident was not proximately caused by the condition of the property or any negligence on the part of the defendants (see Masker v Smith, [*2]188 AD3d 867, 868; Pepperman v SBL Holdings, 63 AD3d 895, 896). The defendants submitted evidence showing that they provided access to functional exterior lighting using an interior switch adjacent to the front door of the house, and that the individual renting the property had neglected to turn on the exterior lighting when the plaintiff left the home after dark. Thus, the defendants were not responsible for the dark conditions that hindered the plaintiff's ability to see the height differential at the time of the accident (see Miller v Consolidated Rail Corp., 9 NY3d 973, 974). Moreover, under the circumstances of this case, the defendants did not have a duty to warn the individual renting the property or any visiting guests of the open and obvious danger of leaving the home after dark without turning on the exterior lighting (see Grimshaw v Carello, 175 AD3d 950, 951; Koval v Markley, 93 AD3d 1171). In opposition to the defendants' prima facie showing, the plaintiff failed to raise a triable issue of fact.
Accordingly, the Supreme Court properly granted the defendants' motion for summary judgment dismissing the complaint.
CONNOLLY, J.P., WOOTEN, FORD and TAYLOR, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court