Hoffman v Dean C Ltd Partnership (2024 NY Slip Op 03684)

Hoffman v Dean C Ltd Partnership

2024 NY Slip Op 03684

Decided on July 3, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 3, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
JOSEPH J. MALTESE
LINDA CHRISTOPHER
CARL J. LANDICINO, JJ.

2023-00022
 (Index No. 9717/19)

[*1]Kimberly Hoffman, appellant, 
v
Dean C LTD Partnership, et al., respondents.

Sobo & Sobo, LLP, Middletown, NY (Mark P. Cambareri of counsel), for appellant.
Stonberg, Hickman & Pavloff, LLP, New York, NY (Robert Radman of counsel), for respondents.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Orange County (James L. Hyer, J.), dated November 16, 2022. The order granted the defendants' motion for summary judgment dismissing the complaint and denied, as academic, the plaintiff's cross-motion pursuant to CPLR 3126, inter alia, to strike the defendants' answer or, in the alternative, to resolve certain issues in favor of the plaintiff on the ground of spoliation of evidence.
ORDERED that the order is reversed, on the law, with costs, the defendants' motion for summary judgment dismissing the complaint is denied, and the matter is remitted to the Supreme Court, Orange County, for a determination on the merits of the plaintiff's cross-motion pursuant to CPLR 3126, inter alia, to strike the defendants' answer or, in the alternative, to resolve certain issues in favor of the plaintiff on the ground of spoliation of evidence.
The plaintiff commenced this action to recover damages for personal injuries that she allegedly sustained when she slipped and fell on a purported wet floor of an aisle that had recently been mopped by an employee at a fast food restaurant owned and operated by the defendants. The defendants moved for summary judgment dismissing the complaint, contending that the condition that caused the plaintiff to slip and fall was open and obvious and not inherently dangerous, and that, in any event, they adequately warned the plaintiff of a potentially hazardous condition. The plaintiff opposed the motion and cross-moved pursuant to CPLR 3126, inter alia, to strike the defendants' answer or, in the alternative, to resolve certain issues in favor of the plaintiff on the ground of spoliation of certain surveillance video maintained by the defendants. The Supreme Court granted the defendants' motion and denied the plaintiff's cross-motion as academic. The plaintiff appeals.
With respect to the defendants' motion, while an owner or possessor of real property has a duty to maintain that property in a reasonably safe condition (see Basso v Miller, 40 NY2d 233, 241; Blackman v Red Lobster Hospitality, LLC, 222 AD3d 825, 826), there is no duty to protect or warn against an open and obvious condition that, as a matter of law, is not inherently dangerous (see Cosme v New York City Dept. of Educ., 221 AD3d 857, 858; Cupo v Karfunkel, 1 AD3d 48, 52). Here, the defendants failed to establish, prima facie, that the condition of the floor that caused the plaintiff to fall was open and obvious and not inherently dangerous (see Aleman v 760 8th Ave. Rest., [*2]Inc., 187 AD3d 1106, 1107; Rivero v Spillane Enters., Corp., 95 AD3d 984, 985). Surveillance video footage submitted by the defendants reveals that an employee had mopped the floor of the aisle shortly before the plaintiff fell and that the dangerous condition created by the dampness on the floor in that area was not plainly visible. At the time the plaintiff fell, the employee was mopping a separate area behind a booth, not the area of the aisle where the plaintiff fell. The plaintiff testified at her deposition that, prior to her fall, she did not observe the employee mopping the floor or any water on the floor. Moreover, contrary to the defendants' contention, they also failed to eliminate all triable issues of fact as to whether they provided adequate warning of a potentially hazardous condition (see Ramsey v Temco Serv. Indus., Inc., 179 AD3d 726, 728; Bruce v Edgewater Indus. Park, LLC, 169 AD3d 753, 754; cf. Rivero v Spillane Enters., Corp., 95 AD3d at 985). The surveillance video shows one "wet floor" sign located in an area of the restaurant that was a significant distance from the area where the plaintiff fell. While the employee testified at her deposition that she placed a "wet floor" sign in the area where the plaintiff fell, the plaintiff testified that she did not see a sign in the area where she fell, and the surveillance video does not clearly depict a sign in that area. Since the defendants failed to establish their prima facie entitlement to judgment as a matter of law, the Supreme Court should have denied their motion for summary judgment dismissing the complaint without regard to the sufficiency of the plaintiff's opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
In light of the foregoing, the plaintiff's motion pursuant to CPLR 3126, inter alia, to strike the defendants' answer or, in the alternative, to resolve certain issues in favor of the plaintiff on the ground of spoliation of evidence is no longer academic, and we remit the matter to the Supreme Court, Orange County, for consideration and determination of that cross-motion in the first instance (see Coizza v 164-50 Crossbay Realty Corp., 37 AD3d 640, 643).
BRATHWAITE NELSON, J.P., MALTESE, CHRISTOPHER and LANDICINO, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court