Kornreich v Honeyman (2025 NY Slip Op 04639)

Kornreich v Honeyman

2025 NY Slip Op 04639

Decided on August 13, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on August 13, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
LINDA CHRISTOPHER
LILLIAN WAN
DONNA-MARIE E. GOLIA, JJ.

2023-01754
 (Index No. 720140/20)

[*1]Maclynn Kornreich, appellant, 
v
Brian J. Honeyman, et al., respondents, et al., defendants.

Stuart R. Goldstein, Great Neck, NY, for appellant.
Louis J. Galgano III, White Plains, NY, for respondents Brian J. Honeyman and Pourital, Ltd.
Miller, Leiby & Associates, P.C., New York, NY (Jeffrey Miller of counsel), for respondents Unique Hair Salon, Inc., and Mooi Yong Heah.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Queens County (Mojgan Cohanim Lancman, J.), dated December 23, 2022. The order, insofar as appealed from, granted that branch of the motion of the defendants Unique Hair Salon, Inc., and Mooi Yong Heah and that branch of the cross-motion of the defendants Brian J. Honeyman and Pourital, Ltd., which were for summary judgment dismissing the complaint insofar as asserted against each of them.
ORDERED that the order is affirmed insofar as appealed from, with one bill of costs.
The plaintiff commenced this action in July 2015 to recover damages for personal injuries she allegedly sustained in May 2015 at approximately 11:45 p.m., after she lost her balance and fell while using the rear doorway to enter a bar owned by the defendants Brian J. Honeyman and Pourital, Ltd. (hereinafter together the Honeyman defendants). The defendant Mooi Yong Heah, the president of the defendant Unique Hair Salon, Inc. (hereinafter together the Unique defendants), owned the building where the bar was located. In an order dated August 22, 2018, the Supreme Court, among other things, directed that "ALL outstanding discovery, to the extent not already provided or completed, including depositions are to be exchanged and/or completed on or before October 5, 2018." Prior to that deadline, the plaintiff did not serve an expert witness disclosure. The plaintiff filed an amended note of issue in January 2022, which stated that discovery was complete but for the deposition of a nonparty.
In May 2022, the Unique defendants moved and, in July 2022, the Honeyman defendants cross-moved, inter alia, for summary judgment dismissing the complaint insofar as asserted against each of them. The plaintiff opposed the motion and the cross-motion and in opposition to the motion, submitted an affidavit from an expert witness dated April 21, 2016. In an order dated December 23, 2022, the Supreme Court granted those branches of the motion and the cross-motion, explaining, among other things, that it had declined to consider the plaintiff's expert affidavit. The plaintiff appeals.
"'In order for a landowner to be liable in tort to a plaintiff who is injured as a result of a dangerous or defective condition upon the landowner's property, the plaintiff must establish that a dangerous or defective condition actually existed, and that the defendant either created the defect or had actual or constructive notice of it'" (Saravo-Schectman v Pinchback, 219 AD3d 647, 648, quoting Lattimore v Thackurdeen, 194 AD3d 914, 914-915; see Steed v MVA Enters., LLC, 136 AD3d 793, 794). "In a premises liability case, a defendant moving for summary judgment can make a prima facie showing of entitlement to judgment as a matter of law by establishing that the plaintiff cannot identify the cause of the plaintiff's fall without engaging in speculation" (Gardell v Arden Ave. Homeowners Assn., 228 AD3d 834, 835; see Malaspina v Westchester Med. Ctr. Health Care Corp., 231 AD3d 941, 943).
Contrary to the determination of the Supreme Court, the Unique defendants and the Honeyman defendants each failed to demonstrate, prima facie, that the plaintiff could not identify what caused her to fall without engaging in speculation (see Gardell v Arden Ave. Homeowners Assn., 228 AD3d at 835-836; Devoe v Nostrand II Meat Corp., 216 AD3d 738, 739). The plaintiff testified at her deposition that she fell because she lost her balance stepping on a "steep ramp" in the threshold of the door to the rear entrance of the bar.
Nonetheless, the Supreme Court properly granted that branch of the Unique defendants' motion and that branch of the Honeyman defendants' cross-motion which were for summary judgment dismissing the complaint insofar as asserted against each of them. Here, those defendants relied upon, inter alia, photographs of the alleged defect and an expert report in which the expert opined that none of the conditions present at the rear entranceway of the bar created a dangerous or defective condition. Thus, the Unique defendants and the Honeyman defendants each established, prima facie, that the threshold of the rear doorway was not in a dangerous or defective condition at the time of the plaintiff's fall (see Devoe v Nostrand II Meat Corp., 216 AD3d at 739; Ingram v Costco Wholesale Corp., 117 AD3d 685, 685).
In opposition, the plaintiff failed to raise a triable issue of fact. CPLR 3101(d)(1)(i) provides that, "where a party for good cause shown retains an expert an insufficient period of time before the commencement of trial to give appropriate notice thereof, the party shall not thereupon be precluded from introducing the expert's testimony at trial solely on grounds of noncompliance with this paragraph. In that instance, upon motion of any party, made before or at trial, or on its own initiative, the court may make whatever order may be just." CPLR 3212(b) provides that "[w]here an expert affidavit is submitted in support of, or opposition to, a motion for summary judgment, the court shall not decline to consider the affidavit because an expert exchange pursuant to [CPLR 3101(d)(1)(i)] was not furnished prior to the submission of the affidavit." "'Trial courts are vested with broad discretion in making determinations concerning matters of disclosure, including imposing a penalty on a party for its failure to comply with CPLR 3101(d)(1)(i)'" (Moody v Hmoud, 192 AD3d 1007, 1010 [internal quotation marks omitted], quoting Mazzurco v Gordon, 173 AD3d 1001, 1002; see CPLR 3216; Mercado v Schwartz, 209 AD3d 30, 38).
Here, the plaintiff submitted expert evidence approximately four years after a court-imposed discovery deadline. The plaintiff failed to demonstrate a reasonable excuse for her failure to comply with the Supreme Court's order dated August 22, 2018, directing disclosure of all outstanding discovery by October 5, 2018 (see Elaine Farsiso, LLC v Long Is. Compost Corp., 227 AD3d 868, 870; HSBC Bank USA, N.A. v Giannikakis, 216 AD3d 622, 624). Moreover, the plaintiff failed to establish good cause for not disclosing the expert's affidavit before filing the amended note of issue (see Rocco v Ahmed, 146 AD3d 836, 838). Thus, under the circumstances of this case, the court providently exercised its discretion in declining to consider the plaintiff's expert affidavit (see Holder v County of Westchester, 169 AD3d 1017, 1018; see also Tardi v Casler-Bladex, 216 AD3d 1267, 1269).
The plaintiff's remaining contentions either are without merit or need not be reached in light of our determination.
Accordingly, the Supreme Court properly granted that branch of the motion of the Unique defendants and that branch of the cross-motion of the Honeyman defendants which were for summary judgment dismissing the complaint insofar as asserted against each of them.
BARROS, J.P., CHRISTOPHER, WAN and GOLIA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court