Stroman v Douglaston Delicatessen (2026 NY Slip Op 00280)

Stroman v Douglaston Delicatessen

2026 NY Slip Op 00280

Decided on January 21, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on January 21, 2026
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
CHERYL E. CHAMBERS
LOURDES M. VENTURA
JAMES P. MCCORMACK, JJ.

2024-00959
 (Index No. 713418/20)

[*1]Darryl Stroman, respondent, 
vDouglaston Delicatessen, et al., appellants.

Devitt Spellman Barrett, LLP, Hauppauge, NY (Christi M. Kunzig of counsel), for appellants.
Matthew J. Cavalier, Ronkonkoma, NY, for respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, the defendants appeal from an order of the Supreme Court, Queens County (Frederick D.R. Sampson, J.), entered September 8, 2023. The order denied the defendants' motion for summary judgment dismissing the complaint.
ORDERED that the order is affirmed, with costs.
The plaintiff allegedly was injured when he fell on stairs while delivering merchandise to a storage cellar located below a deli. Thereafter, the plaintiff commenced this action to recover damages for personal injuries against the deli and the owners of the deli or building. The defendants moved for summary judgment dismissing the complaint. In an order entered September 8, 2023, the Supreme Court denied the motion. The defendants appeal.
At the outset, the defendants' motion did not violate the rule against successive summary judgment motions. Although the defendants previously moved, unsuccessfully, for summary judgment dismissing the complaint, the Supreme Court vacated the note of issue while that prior summary judgment motion was pending, thus returning the case to pre-note of issue status (see Montalvo v Mumpus Restorations, Inc., 110 AD3d 1045, 1046) and permitting the defendants to move again for summary judgment dismissing the complaint (see Wells Fargo Bank, NA v Apt, 179 AD3d 1145, 1146-1147).
On the merits, the defendants failed to demonstrate their prima facie entitlement to judgment as a matter of law dismissing the complaint. In a premises liability case, a defendant may establish its entitlement to judgment as a matter of law dismissing the complaint by demonstrating that the plaintiff cannot identify the cause of the plaintiff's fall without engaging in speculation (see Devoe v Nostrand II Meat Corp., 216 AD3d 738, 739). Here, viewing the evidence in the light most favorable to the plaintiff as the nonmoving party, the defendants failed to establish, prima facie, that the plaintiff did not know what caused him to fall (see id.; Diaz v SCG 502, LLC, 215 AD3d 639, 640).
Since the defendants failed to meet their prima facie burden, the Supreme Court properly denied their motion for summary judgment dismissing the complaint, without regard to the [*2]sufficiency of the plaintiff's opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
DILLON, J.P., CHAMBERS, VENTURA and MCCORMACK, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court